# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### April 2000 Session

## CHAD BLANKINSHIP v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
**No. 99-326     Ellen Hobbs Lyle, Chancellor**

---

**No. M1999-02381-COA-R3-CV - Filed July 28, 2000**

---

A prisoner filed a petition to compel the Department of Correction to establish a mandatory parole date for his benefit. The trial court dismissed the petition for failure to state a claim upon which relief can be granted. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

Chad Blankinship, Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Stephanie R. Reevers, Senior Counsel, for the appellee, State of Tennessee.

## MEMORANDUM OPINION[1]

### I.

Chad Blankinship, a prisoner in the Wayne County Boot Camp, filed a Petition for Declaratory Judgment to compel the Department of Correction to calculate the date he will become eligible for mandatory parole. His petition recites that he was sentenced on July 11, 1992 to serve fifteen years in the custody of the Department of Correction, that he appeared three times before the Board of Paroles for hearings on early release, and that at the conclusion of the third hearing, the Board determined that he would serve the remainder of his sentence without parole.

---

[1] Rule 10 of the Rules of the Court of Appeals reads as follows:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Mr. Blankinship subsequently filed a Petition for a Declaratory Order with the Department of Correction, asking the Department to calculate the date when he will become eligible for mandatory parole. When the Department declined to grant his petition, he filed a Petition for Declaratory Judgment in the Chancery Court of Davidson County. The court dismissed the petition for failure to state a claim upon which relief can be granted, *see* Tenn. R. Civ. P. 12.02(6), finding that the Board of Paroles rather than the Department of Correction was the administrative body for determining mandatory parole. This appeal followed.

## II.

Mr. Blankinship bases his argument upon Tenn. Code. Ann. § 40-28-117, which reads in pertinent part:

> (b) Every prisoner who has never been granted a parole of any type by the board on a particular sentence of imprisonment shall be granted a mandatory parole by the board . . .

Tenn. Code. Ann. § 40-28-117(b) has never been repealed. However in 1989, subsequent to the enactment of Tenn. Code. Ann. § 40-28-117(b), the legislature amended Tenn. Code. Ann. § 40-28-115(b) to read,

> The parole eligibility of each person who commits a crime after July 1, 1982, shall be determined by the criteria listed in the Criminal Sentencing Reform Act of 1982.

> [Acts 1989, ch. 227 § 29]

There is nothing in the Criminal Sentencing Reform Act of 1982 that provides for mandatory parole of any kind.

It appears to us that mandatory parole is available only to prisoners whose crime was committed prior to the date specified by Tenn. Code. Ann. § 40-28-115(b). Mr. Blankinship does not state when he committed the crime for which he received his 1992 sentence, and thus he fails to state a claim for which relief can be granted.

## III.

The judgment of the trial court is affirmed. Remand this cause to the Chancery Court of Davidson County for further proceedings. Tax the costs on appeal to the appellant, Chad Blankinship.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.